**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JERMAINE WHYTE, an individual; and LEANDRA WHYTE, an individual, | ) ) ) ) |
| Plaintiffs, | ) **Case No.:** ) ) **COMPLAINT** ) |
| v. | ) ) **JURY TRIAL DEMANDED** ) |
| ALLIANCE CAS LLC, a Delaware Limited Liability Company; and ROUNTREE LEITMAN & KLEIN LLC, a Georgia Limited Liability Company, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

COMES NOW Jermaine Whyte and Leandra Whyte, Plaintiffs, and state the following Complaint against Defendant ALLIANCE CAS LLC and Defendant ROUNTREE LEITMAN & KLEIN LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

<u>JURISDICTION AND VENUE</u>

1.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiffs' claims under these statutes are so related that they form the same case or controversy.

2.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendant ALLIANCE CAS LLC transacts business in the State of Georgia, Defendant ROUNTREE LEITMAN & KLEIN LLC is a Georgia limited liability company with a principal place of business within Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and both Defendants have a registered agent in the state of Georgia.

4.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because the acts underlying this action occurred within the Northern District of Georgia, Plaintiffs are residents of the Northern District

of Georgia, Defendant ROUNTREE LEITMAN & KLEIN LLC has its principal place of business within the Northern District of Georgia, and both Defendants have registered agents in the Northern District of Georgia.

PARTIES

5.

Leandra Whyte is an individual who is a resident of Gwinnett County, Georgia.

6.

Jermaine Whyte is an individual who is a resident of Gwinnett County, Georgia.

7.

ALLIANCE CAS LLC ("ALLIANCE CAS") is a Limited Liability Company organized under the laws of the State of Delaware that regularly transacts business within the State of Georgia.

8.

ALLIANCE CAS LLC's regular business transactions within the State of Georgia includes providing debt collection services to homeowner associations within the State of Georgia and targeting Georgia residents with those debt collection activities.

9.

ROUNTREE LEITMAN & KLEIN LLC ("ROUNTREE") is a Limited Liability Company organized under the laws of the State of Georgia that has a principal place of business within the State of Georgia.

FACTUAL ALLEGATIONS

10.

Plaintiff Leandra Whyte is an individual who is a natural person.

11.

Plaintiff Jermaine Whyte is an individual who is a natural person.

12.

Rountree Leitman & Klein LLC is a law firm that provides "tailored legal guidance for businesses and individuals . . . through all stages of bankruptcy, collections and commercial litigation."[1]

13.

Rountree Leitman & Klein LLC lists "Collections" as one of its practice areas on its website.[2]

---

[1] Rountree Leitman & Klein LLC, available at (https://www.rlklawfirm.com).
[2] Atlanta Collection Attorney | Debt Collections Lawyer, available at (https://www.rlklawfirm.com/collections/).

14.

Based upon the actions of Rountree Leitman & Klein LLC relating to the alleged debt in this case, and the information available on their website, Rountree Leitman & Klein LLC regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another.

15.

Alliance CAS LLC is "a full-licensed third-party collection agency" that regularly contracts with communication associates "to collect debts on their behalf."[3]

16.

On its website, Alliance CAS identifies itself as a debt collector.[4]

17.

Alliance CAS is registered with the State of Florida as a consumer collection agency.

18.

Alliance CAS is a member of ACA International, which is an association of credit and collection professionals, and lists as its line of business in its ACA International membership as "Third Party Collections."

---

[3] Alliance CAS, available at (https://www.alliancecas.com).
[4] Alliance CAS, available at (https://www.alliancecas.com).

19.

Alliance CAS regularly collects or attempts to collect debts due or alleged to be due to others.

20.

The principal purpose of Alliance CAS's business is the collection of any debts.

21.

The principal record address for Alliance CAS LLC is in Boston, Massachusetts.

22.

The principal office address for Alliance CAS is in Dania Beach, Florida.

23.

Upon information and belief, Alliance CAS does not maintain a place of business within the State of Georgia.

24.

Upon information and belief, Alliance CAS does not keep assets within the State of Georgia.

25.

Alliance CAS, claiming to represent Plaintiffs' Homeowners' Association, sent Plaintiffs a letter dated January 8, 2020, claiming Plaintiffs owed $2,939.48 on its HOA dues and assessments (the "Alleged Debt").

26.

The Alleged Debt was incurred for personal, family, or household purposes and represents amounts allegedly owed by Plaintiffs for their personal residence to Plaintiffs' Homeowners' Association.

27.

Defendant Alliance CAS LLC acquired the right to try and collect the Alleged Debt after it was already in default or otherwise delinquent based on its own communications to Plaintiffs.

28.

Beacon Management Services, the HOA management company that manages Plaintiffs' HOA, sent an account statement to Plaintiffs dated January 10, 2020, stating a total amount due of $1,524.94 with a due date of February 1, 2020.

29.

The differences in these amounts led to Plaintiffs being confused as to the amounts owed, the basis of those amounts owed, and to whom the alleged debt was owed.

30.

Plaintiffs relied on the representations from Alliance CAS as to the amount it alleged Plaintiffs would have to pay Alliance CAS in order to avoid continued debt collection communications, activities, or threats.

31.

The January letter from Alliance CAS was titled "Notice of Lien" and stated that it was a communication made as an attempt to collect a debt.

32.

Alliance CAS, upon information and belief, is not a law firm and cannot file liens on behalf of Plaintiffs' HOA without engaging in the unauthorized practice of law.

33.

Alliance CAS did indeed file a lien in the amount of $2,939.48, with the lien being dated January 8, 2020, and filed on February 10, 2020.

34.

The lien amount was materially different than the statement amount sent by Beacon Management Services on January 10, 2020.

35.

The lien states a recording fee of $25.00 on the face of the lien filing itself.

36.

The lien was signed by David S. Klein, an attorney and named partner at the law firm Rountree Leitman & Klein, LLC.

37.

Upon information and belief, the law firm of Rountree Leitman & Klein LLC and attorney David S. Klein represent Alliance CAS, not the Plaintiffs' HOA upon whose behalf they claimed to have filed the lien.

38.

Upon information and belief, and based upon the number of liens executed and filed by Mr. Klein on or about the same date, Mr. Klein did not perform meaningful attorney review of the alleged account file prior to executing the lien.

39.

If Mr. Klein had reviewed the account records prior to the execution and filing of the lien, then he would have seen that on January 8, 2020—the date of the lien being executed—Alliance CAS's own account records show a cumulative total owed $2,278.54—not the $2,939.48 stated in the lien.

40.

Alliance CAS provided Plaintiffs a Statement of Account Summary dated June 23, 2020, that stated a "TOTAL DUE NOW" of $3,626.63 (the "June Account Statement").

41.

The June Account Statement shows that on January 8, 2020, the Cumulative Total is listed as $2,278.54 at most.

42.

The June Account Statement also reflects a lien "Recording Cost" of $50.00, not the $25.00 it actually cost to record the lien.

43.

The June Account Statement shows a "Claim of Lien Preparation" in the amount of $485.00, which appears to indicate that Alliance CAS was engaging in the unauthorized practice of law by preparing liens and billing for that preparation in the same manner a law firm might.

44.

The June Account Statement also reflects numerous other expenses and costs which are not permitted to be sought from Plaintiffs by their HOA per the by-laws of the HOA.

45.

Alliance CAS sent another collection letter to Plaintiffs dated October 27, 2020, stating a total amount owed of $4,714.16.

46.

The amount in this collection letter—just like the amounts in the other collection communications—is incorrect and reflects attempts to collect fees, costs, and amounts not permitted by the by-laws of Plaintiffs' HOA.

47.

The October 2020 collection letter states that it includes collection fees and costs of $2,703.54.

48.

The collection fees and costs in this amount are incorrect, not permitted by law or contract, and amounts such as the lien recordation fee that are demonstrably false.

49.

Defendant Alliance CAS LLC's efforts to collect amounts not owed by law or contract, falsify amounts of lien recordation fees, and commit the unauthorized practice of law by providing legal services to homeowners' associations such as Plaintiffs' when it is not a law firm, affects the public consumer marketplace in multiple ways.

50.

Defendant Alliance CAS LLC's actions impact the public consumer marketplace most notably by creating an unfair competitively economic playing field for both those debt collection agencies and HOA collection law firms that do not engage in unfair or deceptive behavior, do not seek to charge improper collection fees or impose improper collection costs, and either engage in the authorized practice of law as law firms or do not engage in the unauthorized practice of law as collection agencies.

## CAUSES OF ACTION

**Count 1**
*Violations of the Fair Debt Collection Practices Act,*
*15 U.S.C. § 1692 et seq.*

51.

Defendant Alliance CAS LLC sought to collect an incorrect amount from Plaintiff through its multiple collection letters.

52.

Defendant Alliance CAS LLC improperly sought to collect fees and costs not permitted by law or contract.

53.

Defendant Alliance CAS LLC's communications, fees, and activities implied that it had the legal right to act as a law firm in its attempt to collect the alleged debt—including providing Plaintiffs' HOA legal representation in the preparation and recordation of liens, as well as representing Plaintiffs' HOA in legal actions to foreclose upon Plaintiffs' property.

54.

Upon information and belief, Defendant Alliance CAS LLC did not possess the legal authority or right to represent Plaintiffs' HOA in any lien or foreclosure filing.

55.

Upon information and belief, Defendant Alliance CAS LLC never intended to file any foreclosure action against Plaintiffs—in part because it lacked the authority to do so, and doing so would result in Defendant Alliance CAS LLC engaging in the unauthorized practice of law.

56.

Defendant Alliance CAS LLC has engaged in unfair, deceptive, and unconscionable means of attempting to collect debts, whether directly or indirectly.

57.

The actions of Defendant Alliance CAS LLC as described above violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

58.

Upon information and belief, Defendant Rountree Leitman & Klein LLC and its named partner, David S. Klein, did not perform meaningful attorney review of the file for Plaintiffs' alleged debt prior to executing and filing the lien on Plaintiffs' property for the alleged debt.

59.

Defendant Rountree Leitman & Klein LLC misrepresented the amount, character, and nature of the alleged debt in the lien it executed and filed on behalf of Alliance CAS LLC.

60.

Upon information and belief, Rountree Leitman & Klein LLC did not have the authority to represent Plaintiffs' HOA when it executed and filed the lien on behalf of Alliance CAS LLC.

61.

Upon information and belief, Defendant Rountree Leitman & Klein LLC have effectively leased out their name or the names of their partners for the execution and filing of liens on behalf of Alliance CAS LLC.

62.

Upon information and belief, Defendant Rountree Leitman & Klein LLC have engaged in a scheme with Defendant Alliance CAS LLC such that Alliance CAS LLC represents to consumers—such as Plaintiffs—that it has the authority to take legal actions on behalf of homeowner associations that it does not have the legal right to take.

63.

As part of this scheme, Defendant Rountree Leitman & Klein LLC has engaged in unfair, deceptive, and unconscionable means of attempting to collect debts, whether directly or indirectly.

64.

The actions of Defendant Rountree Leitman & Klein LLC as described above violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

65.

Plaintiffs incurred actual damages in the form of attorneys' fees and legal costs as a direct result of the actions of Defendant Alliance CAS LLC in an amount to be shown with more particularity at a later date, but not less than $800.00.

66.

Plaintiffs incurred actual damages in the form of attorneys' fees and legal costs as a direct result of the actions of Defendant Rountree Leitman & Klein LLC in an amount to be shown with more particularity at a later date, but not less than $5.00.

67.

Plaintiffs incurred actual damages in the form of stress, anxiety, and emotional distress as a direct result of the actions of Defendant Alliance CAS LLC as described above.

68.

Plaintiffs incurred actual damages in the form of stress, anxiety, and emotional distress as a direct result of the actions of Defendant Rountree Leitman & Klein LLC as described above.

69.

Further, Defendants' violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, make them liable to Plaintiffs for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 to each Plaintiff for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**Count 2**
*Violations by Defendant Alliance CAS LLC of Georgia's Fair Business Practices Act*

70.

Defendant Alliance CAS LLC's contradictory and conflicting statements in its collection letters, the lien it caused to be filed against Plaintiffs, and the statement provided to Plaintiffs as to the amount of the alleged debt as well as the basis of that alleged amount are unfair or deceptive acts or practices in the conduct of consumer transactions.

71.

The actions of Defendant Alliance CAS LLC, in seeking to collect the incorrect amount from Plaintiffs, engaging in the unauthorized practice of law in its attempts to collect the Alleged Debt, misrepresenting its legal authority to act on behalf of Plaintiff's HOA, and making legal threats it did

not have the authority to make and otherwise never intended to pursue, are unfair or deceptive acts or practices in the conduct of consumer transactions.

72.

Defendant Alliance CAS LLC's actions were done intentionally in order to try and collect the incorrect amount from Plaintiffs.

73.

As a result of Defendant Alliance CAS LLC's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiffs suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred costs and legal fees to investigate Defendant's claims in an amount to be shown with more particularity at a later date.

74.

Defendant Alliance CAS LLC's unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

75.

Defendant Alliance CAS LLC's violation of the FBPA makes it liable to Plaintiffs for the actual damages detailed above and to be shown with more particularity at a later date.  O.C.G.A. § 10-1-399(a).

76.

Defendant Alliance CAS LLC's violation of the FBPA makes it liable to Plaintiffs for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy."  O.C.G.A. § 10-1-399(d).

77.

Defendant Alliance CAS LLC's intentional acts in violation of Georgia's FBPA also make it liable to Plaintiffs for treble damages. O.C.G.A. § 10-1-399(c).

### *Count 3*
*Punitive Damages Against Defendant Alliance CAS LLC Under Georgia's FBPA*

78.

Plaintiffs have a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

79.

Defendant Alliance CAS LLC's intentional acts in violation of Georgia's FBPA also make it liable for "exemplary damages," sometimes

also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

## JURY DEMAND

80.

Plaintiffs demands a trial by jury.

**WHEREFORE,** Plaintiffs pray that this Court:

(1)   Find Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)   Award each Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)   Award Plaintiffs actual damages in an amount to be shown with more particularity at a later date, but which the costs and legal fees, as well as the emotional distress, incurred or suffered in investigation Defendants' claims;

(4)   Find Defendant Alliance CAS LLC liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)   Find Defendant Alliance CAS LLC liable for treble damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)   Find Defendant Alliance CAS LLC liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)   Award Plaintiffs reasonable attorney's fees and costs in

accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)     Award Plaintiffs reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant Alliance CAS LLC's violations of Georgia's Fair Business Practices Act;

(9)     Award Plaintiffs the reasonable costs of this action;

(10)    Award Plaintiffs other expenses of litigation;

(11)    Grant Plaintiffs such other and additional relief as the Court deems just and equitable.

Respectfully submitted this <u>29 December 2020</u>.

/s/ John William Nelson
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

ATTORNEY FOR PLAINTIFF

## <u>VERIFICATION OF COMPLAINT</u>

Pursuant to 28 U.S.C. § 1746, Plaintiff Leandra Whyte, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      12 / 23 / 2020
_____

_____
Signature

22

Doc ID: c42527ac93f6f23ca73c0ccdf79a54a8c5218734

## <u>VERIFICATION OF COMPLAINT</u>

Pursuant to 28 U.S.C. § 1746, Plaintiff Jermaine Whyte, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____12 / 23 / 2020_____

_____
Signature

23

Doc ID: c42527ac93f6f23ca73c0ccdf79a54a8c5218734

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**   29 December 2020

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765